J-$13043-18

NON-PRECEDENTIAL DECI SION - SEE SUPERIOR COURT |.0.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

GEORGE M. LAIL,

Appellant : No. 1620 WDA 2017

Appeal from the PCRA Order October 31, 2017
in the Court of Common Pleas of Lawrence County,
Criminal Division at No(s): CP-37-CR-0000462-2015,
CP-37-CR-0000832-2014

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.
MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018
George M. Lail (“Lail”) appeals from the Order denying his Petition for
relief filed pursuant to the Post Conviction Relief Act (“PCRA”).' We affirm.
On August 14, 2014, a Criminal Complaint was filed against Lail at case
number 832 of 2014 (“Number 832”). On May 14, 2015, a jury convicted Lail
of possession of a controlled substance (heroin) with the intent to deliver
(“PWID”), and possession of drug paraphernalia.2 The jury acquitted Lail of
possession of “crack” cocaine and marijuana, and PWID “crack” cocaine. On
September 9, 2015, the trial court sentenced Lail to three to nine years in

prison, with credit for 392 days already served. Lail did not file a post-

1 See 42 Pa.C.S.A. §§ 9541-9546.

2 See 35 P.S. § 780-113(a)(30), (32).
J-$13043-18

sentence motion or a direct appeal of his judgment of sentence. Thus, Lail’s
judgment of sentence became final on October 9, 2015.

On May 11, 2015, a Criminal Complaint was filed against Lail, at case
number 462 of 2015 (“Number 462”), charging him with delivery of a
controlled substance® and criminal use of a communication facility.4 On
September 9, 2015, Lail pled guilty to PWID at that number, after which the
trial court sentenced Lail to 18 months to 36 months in prison. The trial court
imposed the sentence at Number 462 consecutive to the sentence imposed at
Number 832. Lail did not file a post-sentence motion or a direct appeal of his
judgment of sentence. Consequently, Lail’s sentence became final on October
9, 2015.

On November 3, 2016, at Number 832, Lail filed a pro se PCRA Petition.
Counsel was appointed to represent Lail. On February 21, 2017, counsel filed
a Motion to amend Lail’s pro se PCRA Petition at Number 832. On July 5,
2017, counsel filed a Motion to amend Lail’s PCRA Petition at Number 462.°

After a hearing, the PCRA court dismissed Lail’s Petitions as untimely filed.

3 See 35 P.S. § 780-113(a)(30).
4 See 18 Pa.C.S.A. § 7512(a).

5 At that time, Lail had not filed a PCRA Petition at Number 462. It appears
that the PCRA court considered Lail’s Motion to Amend to be his PCRA Petition
at Number 462.

-2-
J-$13043-18

Thereafter, Lail filed the instant timely appeal, followed by a court-ordered
Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

In his appeal, Lail challenges “[w]hether [he] timely filed his PCRA
[Pletition.” Brief for Appellant at v. In the Argument section of his brief, Lail
acknowledges the law regarding timeliness of a PCRA petition, but provides
nothing to support his claim of a timely-filed PCRA Petition. See id. at 4-6.
Rather, Lail asserts that should the PCRA Petitions be deemed timely filed, the
Court should remand for the PCRA court to address the merits of the issues
raised by Lail in his PCRA Petitions. Id. at 5-6.

In its Opinion, the PCRA court set forth the relevant law, addressed the
timeliness of Lail’s PCRA Petitions, concluded that they were untimely filed,
and that Lail asserted no exception to the timeliness requirements. See PCRA
Court Opinion, 7/21/17, at 4-7. We agree with the reasoning of the PCRA
court, as set forth in its Opinion, and affirm on this basis with regard to Lail’s
claim. See id.

Order affirmed.

Judgment Entered.

hayelt

Joseph D. Seletyn, Es@
Prothonotary

Date: 6/15/2018